UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER BYNUM,<br><br>                               Plaintiff,<br><br>v.<br><br>JAMES EVERETT, individual capacity; and SAN DIEGO MESA COLLEGE,<br><br>                              Defendants. | Case No.:  21-cv-0921-GPC-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF Nos. 1, 3]** |

On May 14, 2021, Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983").  (ECF No. 1.)  Plaintiff's action arises from the allegation that "an officer pull[ed] his weapon on the Plaintiff because he was unfamiliar with what a 'go-pro' video camera is."  (*Id.* at 4.)  Plaintiff also filed a Motion to Proceed *in forma pauperis* ("IFP").  (ECF No. 2.)  Based on the reasoning below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP but *sua sponte* **DISMISSES without prejudice** the entire action for failure to state a claim.

1

21-cv-0921-GPC-WVG

## I.  PLAINTIFF'S IFP MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to pre-pay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit . . . is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).  A plaintiff is not required to be "absolutely destitute to enjoy the benefit of the [IFP] statute."  *Adkins*, 335 U.S. at 339.  However, they must still allege poverty "with some particularity, definiteness[,] and certainty."  *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Here, the Court grants IFP status to Plaintiff because he has demonstrated an inability to pay the filing fee with some particularity and definiteness.  First, Plaintiff lists assets of $48.93 in cash, plus a 1997 Mercedes-Benz E-420 and a 1990 Ford E-250, both of which Plaintiff states carry no value.  (ECF No. 2 at 2–3.)  While the Court is skeptical that any vehicle will hold a value of $0 and thus warns Plaintiff to be more precise in the future, it nonetheless concurs that liquidating these assets to anything substantive will be

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *See id.*

difficult. In addition, Plaintiff's monthly expenses of $2,575.00, (*see* ECF No. 2 at 4,) exceed his monthly income. Plaintiff submitted a declaration reporting that he is currently employed at Custom Marine Electronics with an average monthly income of "$30,000" for the past 12 months and an expected income of $2,500 next month. (ECF No. 2 at 1–2.) The court has an obligation "where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). Given that Plaintiff's expected monthly income of $2,500 amounts to $30,000 annually, the Court will afford the Plaintiff the benefit of doubt that he mistakenly stated his annual total income rather than his monthly average income for the past 12 months. (*See* ECF No. 2 at 1–2.)

## II. SUA SPONTE REVIEW

A complaint filed by any person proceeding IFP is subject to mandatory *sua sponte* review and dismissal by the Court if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The standard for reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is the same as the Federal Rule of Civil Procedure ("Rule") 12(b)(6) standard for failure to state a claim. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Lopez*, 203 F.3d at 1127. Under Rule 12(b)(6), while a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). The Court "must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, the Court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. Or Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the instant dispute, the Complaint seeks to remedy various constitutional and statutory breaches based on the allegation that: (1) "an officer pull[ed] his weapon on the Plaintiff because he was unfamiliar with what a 'go-pro' video camera is"; (2) the officer had no reason to do so; (3) the officer was placed on leave after the incident and several news articles documented the incident (with no news articles provided as an attachment or their details summarized); and (4) "the shock and risk of harm . . . was entirely unfounded and not authorized under the law." (*See* ECF No. 1 at 4.)

Since the above four statements comprise the entirety of the factual allegations, Plaintiff's Complaint is conclusory at best and does not provide much basis for the Court to conclude that there is a plausible (i.e., beyond speculative) claim that would be legitimate under the Constitution or 42 U.S.C. § 1983. In addition, Plaintiff provides no factual basis that can connect Defendant San Diego Mesa College ("the College") with any liability that Plaintiff asserts.

**A.    Claims Against "Officer"**

Plaintiff filed the instant action under Section 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).

Under a liberal pleading standard for *pro se* litigants, *see Hebbe*, 627 F.3d at 342, the Court will give the benefit of the doubt that "an officer" referenced in the Complaint refers to Defendant James Everett.  Further, the Court finds Plaintiff's statement "the officer was in his uniform during the time of the civil rights infringement," (ECF No. 1 at 4) to be a plausible allegation that Defendant Everett was acting under the color of state law.  Thus, the second requirement for a plausible Section 1983 claim is met.

However, the Complaint lacks sufficient detail to meet the first requirement. Plaintiff has not provided enough facts for a plausible claim that Defendant Everett violated Plaintiff's Fourteenth Amendment Right to Due Process and Equal Protection of Law, the right to be free from the use of excessive force, the right to be free from unreasonable search and seizure, 18 U.S.C. §§ 241, 242, and 42 U.S.C. § 1985.  The Court explains in further detail below.

### 1. Fourteenth Amendment Due Process

Plaintiff alleges a violation of his due process rights.  (ECF No. 1 at 3.)  Under the Fourteenth Amendment to the U.S. Constitution, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  "In general, parties claiming that their due process rights were violated must establish 'two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010) (citations omitted).  The Complaint fails to satisfy either element. Plaintiff has not identified which of his constitutionally protected liberty or property interests Defendants allegedly violated. Nor does the Complaint describe a procedure to which adequate protections could have been applied, or how such protections were denied. Without sufficient detail

in the pleading to establish these elements, the Court cannot further analyze whether the individual interests at issue are protected by the Fourteenth Amendment, and if they are, what procedures would constitute due process of law. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012). Accordingly, Plaintiff's due process allegations fail to state a claim upon which relief can be granted.

### 2. Fourteenth Amendment Equal Protection

Plaintiff also alleges an equal protection violation as a basis for his § 1983 claim. (ECF No. 1 at 3.) The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. As applied to states by the Fifth Amendment, "[t]he guarantee of equal protection is not a source of substantive rights or liberties, but rather a right to be free from invidious discrimination in statutory classifications and other governmental activity." *Harris v. McRae*, 448 U.S. 297, 322 (1980). An equal protection claim hinges on Plaintiff's membership in a protected class which would require the Court to apply heightened scrutiny to the state's alleged discriminatory actions. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-41 (1985). To allege an equal protection violation, Plaintiff must plead facts to show that the Defendant "acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). Plaintiff's Complaint does not state that he is a member of a protected class, nor does it allege any discriminatory action by Defendants based on such membership. Thus, Plaintiff's equal protection allegations fail to state a claim upon which relief can be granted.

### 3. Fourth Amendment Right to be Free from the Use of Excessive Force and Unreasonable Search and Seizure

Plaintiff also alleges a violation of his "right to be free from the excessive use of force as well as the right to be free from unreasonable search and seizure." (ECF No. 1 at

3.)² The Fourth Amendment protects "[t]he right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. Courts approach an excessive force claim in three stages. First, courts "assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted . . . [then] evaluate the government's interests by assessing the severity of the crime . . . Finally, we balance the gravity of the intrusion of the individual against the government's need for that intrusion." *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). Plaintiff's Complaint does not provide sufficient factual detail for the Court to evaluate the plausibility of his claim rooted in the Fourth Amendment. While Plaintiff states that "the officer had no reason to point his gun" at Plaintiff (ECF No. 1 at 4.), Plaintiff does not provide any other details of the incident, his own behavior, or the circumstances surrounding the officer's actions in order to support a Fourth Amendment basis for his § 1983 claim. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

### 4. 18 U.S.C. §§ 241, 242

Plaintiff claims relief under 18 U.S.C. §§ 241 and 242. (ECP No. 1 at 3.) However, these are criminal provisions that provide no basis for civil liability. *Allen v.*

---

² Plaintiff appears to allege separate causes of action for excessive force and for unreasonable search and seizure. (ECF No. 1 at 3.) Where a plaintiff alleges excessive force during an investigation or arrest, the Fourth Amendment inquiry into excessive force is analyzed under the plaintiff's Fourth Amendment right against unreasonable seizures. *Thompson v. Rahr*, 885 F.3d 582, 586 (quoting *Tolan v. Cotton*, 572 U.S. 650, 655 (2014)). *See Hamilton v. City of Berkeley*, No. 13-CV-4403, 2013 WL 6155818, at *10 (N.D. Cal. Nov. 22, 2013) ("Outside the prison context, a claim that an officer used excessive force is generally understood as a claim that a seizure was unreasonable, and therefore, violated the Fourth Amendment").

*Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Thus, Plaintiff fails to state a claim upon which relief can be granted and the Court dismisses these claims.

        **5.     42 U.S.C. § 1985, Conspiracy to Interfere with Civil Rights**

Plaintiff's Complaint does not specify from which section of § 1985 his claim arises. However, based on the bare factual allegations in the Complaint, the Court deduces that this claim would most likely arise under section 3, Depriving Persons of Rights or Privileges. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980). Plaintiff's Complaint does not plausibly allege facts supporting these elements. Therefore, Plaintiff has failed to state a § 1985 claim upon which relief can be granted.

        **B.     Claims Against San Diego Mesa College**

Plaintiff's Complaint names San Diego Mesa College as a Defendant but does not provide any further factual detail tying the College to any alleged violations of Plaintiff's rights. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Plaintiff's Complaint alleges no basis for finding the College liable. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming the dismissal of an amended complaint for failing to "state[] clearly how each and every defendant was alleged to have violated plaintiffs' legal rights.") Accordingly, the Court DISMISSES the Complaint as to Defendant San Diego Mesa College for failing to state a claim upon which § 1983 relief can be granted.

### III. CONCLUSION

In sum, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis* and *sua sponte* DISMISSES the complaint for failure to state a claim. The Court GRANTS Plaintiff thirty (30) days from the date stamped on this order to file an Amended Complaint curing the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: August 5, 2021

Hon. Gonzalo P. Curiel
United States District Judge