UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BYNUM,<br><br>         Plaintiff,<br><br>v.<br><br>JAMES EVERETT, et al.,<br><br>         Defendant. | Case No.:  21-cv-00921-GPC<br><br>**ORDER SUA SPONTE DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On May 14, 2021, Plaintiff Christopher Bynum ("Plaintiff"), proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants James Everett and San Diego Mesa College. ECF No. 1. Plaintiff concurrently filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. On August 5, 2021, this Court granted Plaintiff leave to proceed *in forma pauperis* and sua sponte dismissed Plaintiff's complaint without prejudice for failure to state a claim. ECF No. 3. On September 7, 2021, Plaintiff filed an Amended Complaint. ECF No. 4 ("Am. Compl."). Based on the reasoning below, the Court *sua sponte* DISMISSES the entire action without prejudice for failure to state a claim.

1

21-cv-00921-GPC

A complaint filed by any person proceeding *in forma pauperis* is subject to mandatory *sua sponte* review and dismissal by the Court if the allegations of poverty prove to be untrue, or if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.")

The standard for reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is the same as the Federal Rule of Civil Procedure ("Rule") 12(b)(6) standard for failure to state a claim. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Lopez*, 203 F.3d at 1127. Under Rule 12(b)(6), while a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547.) The Court "must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, the Court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982).

In this Court's August 5, 2021 Order (ECF No. 3), the Court addressed the factual insufficiency of Plaintiff's first Complaint, in which Plaintiff simply stated that (1) "an officer pulled his weapon on the Plaintiff because he was unfamiliar with what a 'go-pro' video camera is"; (2) the officer had no reason to do so; (3) the officer was placed on leave after the incident and several news articles documented the incident (with no news

articles provided as an attachment or their details summarized); and (4) "the shock and risk of harm . . . was entirely unfounded and not authorized under the law." ECF No. 3 at 4. This Court found that these four conclusory statements were an insufficient basis for the Court to conclude that there was a plausible claim, i.e. one that went beyond mere speculation, that would support potential liability under the Constitution or 42 U.S.C. § 1983. The Court further found that these statements provided no factual basis connecting Defendant San Diego Mesa College with any liability asserted by Plaintiff, and therefore dismissed the complaint as to Defendant San Diego Mesa College. ECF No. 3 at 4.

Plaintiff's Amended Complaint is even more conclusory. The Amended Complaint alleges two causes of action: (1) violation of the Plaintiff's Fourth Amendment right to be secure against unlawful seizure and unreasonable excessive force pursuant to 42 U.S.C. § 1983 and (2) negligence on the part of "San Diego Community College" and James Everett. Am. Compl. at 2-3. These allegations are based on four factual statements that (1) On May 16, 2018, Plaintiff was "conducting a PC148.g investigation while in . . . San Diego"; (2) "Defendant makes contact, asks questions, and makes statements regarding equipment being used specifically during the incident"; (3) "Defendant James Everett unholstered his service weapon and pointed said weapon needlessly requesting photography equipment to be removed from the scene and confiscated"; and (4) these actions caused Plaintiff "severe emotional distress." *Id.* at 2.

This Court's August 5, 2021 Order (ECF No. 3) detailed the reasons why Plaintiff's allegations were factually unsupported and insufficient to state claims upon which relief may be granted under the applicable Rule 12(b)(6) standard. Even taking into account the liberal pleading standard afforded *pro se* litigants, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), Plaintiff has again failed to provide this Court with a Complaint containing sufficient factual matter which, accepted as true, would state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Far from curing the deficiencies noted in this Court's August 5, 2021 Order, the Amended Complaint is even more bare and contains even less factual support for the allegations contained therein. This Court refers Plaintiff to the deficiencies of pleading identified and explained in its August 5, 2021 Order, which continue to apply to the Amended Complaint. As to Plaintiff's first cause of action under 42 U.S.C. § 1983, Plaintiff again fails to provide sufficient details of the incident, his own behavior, or the circumstances surrounding the officer's actions in order to support a Fourth Amendment basis (or any other Constitutional basis) for his § 1983 claim. *See* ECF No. 3 at 7. Without sufficient factual basis, the Court cannot begin to evaluate Plaintiff's Complaint under the standard for an alleged intrusion upon an individual's Fourth Amendment rights. *See Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (laying out the balancing test used by courts). Proceeding to Plaintiff's second cause of action, the Amended Complaint does not adequately plead facts sufficient to state a claim of negligence upon which relief may be granted. The Amended Complaint simply states a bare legal conclusion. Am. Compl. at 3 ("San Diego Community College police were negligent and breached their duty of due care owed to Plaintiff, thereby causing the injuries and damages described in the Factual Allegations and First Cause of Action.") This conclusory recitation is insufficient to survive the Rule 12(b)(6) standard and is a clear example of a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements . . . [which] because they are mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Plaintiff must provide factual details to support these legal conclusions if his Amended Complaint is to survive the standard. Finally, the Court notes that Plaintiff has attempted to reintroduce "Mesa Community College" and "San Diego Community College" as

defendants.[1] Am. Compl. at 1. The Court previously dismissed "San Diego Mesa College" (named in Plaintiff's first Complaint) as a defendant because Plaintiff failed to provide any factual basis connecting the College with any asserted liability. ECF No. 3 at 4. The same holds true here. Again, Plaintiff has failed to allege any factual basis connecting either of the named colleges with any potential liability. The Court therefore DISMISSES the Amended Complaint as to Defendants "San Diego Community College" and "Mesa Community College" for failing to state a claim upon which relief may be granted.

In sum, based on the deficiencies of the Amended Complaint, the Court *sua sponte* DISMISSES the Amended Complaint for failure to state a claim. The Court will afford Plaintiff one further opportunity to amend his Complaint in light of the *pro se* nature of this proceeding. The Court GRANTS Plaintiff thirty (30) days from the date stamped on this order to file a Second Amended Complaint curing the deficiencies identified above.

**IT IS SO ORDERED.**

Dated:  September 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] It is unclear which colleges Plaintiff meant to name as defendants, as "Mesa Community College" appears to be a public community college in Arizona and thus unconnected to events that putatively occurred in San Diego. Similarly, there appears to be no single college called "San Diego Community College," which refers instead to a district comprising four separate colleges. In his original Complaint, Plaintiff named a local college, "San Diego Mesa College," as a defendant. However, Plaintiff dropped this entity as a defendant in the Amended Complaint, presumably following the Court's dismissal of the College as a defendant. For the purposes of the Court's dismissal analysis here, however, this lack of clarity is not dispositive.